1169). Contrary to respondent's further contention, "the record establishes that, viewed in the totality of the proceedings, [respondent] received meaningful representation by his Law Guardian" (*Matter of Jeffrey V.*, 82 NY2d 121, 126 [1993]; *see Matter of Brian S.M.*, 309 AD2d 1224 [2003]). Present—Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.

■ SALLY J. HUSS, Respondent, v GENESEE VALLEY MOTORS et al., Appellants. (Appeal No. 1.) [869 NYS2d 847]

Present—Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.

■ SALLY J. HUSS, Respondent, v GENESEE VALLEY MOTORS et al., Appellants. (Appeal No. 2.) [869 NYS2d 819]

Present—Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.

■ In the Matter of CLAUDIA CHILDS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [869 NYS2d 818]

Memorandum: Contrary to the contention of petitioner, the determination of respondent New York State Division of Human Rights that respondent Buffalo Police Department (Department) did not unlawfully discriminate against her on the basis of gender or retaliate against her is supported by substantial evidence (*see generally Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331